## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILES MORAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13553**<br>**CONSOL. W/**<br>**20-1275** |
| **KEVA LANDRUM-JOHNSON, ET AL** | **SECTION "L" (5)** |

## <u>ORDER & REASONS</u>

Pending before the Court is Plaintiffs' motion to consolidate the following cases: *Moran v. Landrum-Johnson*, No. 19-cv-13553-EEF-MBN (E.D. La., filed November 12, 2019) and *Matthews v. Herman*, No. 20-cv-1275 (E.D. La., filed April 24, 2020). R. Doc. 42. The motion is opposed. R. Doc. 44. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I.      BACKGROUND

Plaintiffs in *Moran* are pretrial detainees who, at the time of filing, had cases pending in the Orleans Parish Criminal District Court ("OPCDC"). They claim that they were impermissibly jailed despite voicing to the court their inability to pay the bond amounts imposed. R. Doc. 10 at 8-10. As a result, they purportedly remain jailed. R. Doc. 10 at 9-10.

Defendants are thirteen OPCDC judges with one notable exception: Judge Cantrell. An identical suit was previously filed by the different Plaintiffs against Judge Cantrell (the "*Caliste*" case or action). Just as in the *Caliste* case, Plaintiffs here assert two claims relating to Defendants'

1

bail practices.[1] First, Plaintiffs allege that the Defendant-Judges violate due process by systematically setting bond for criminal defendants without first inquiring into their ability to pay the bond or considering alternative nonfinancial conditions of release ("Count I"). Second, Plaintiffs allege that Defendants violate due process by serving in the "dual role" of determining conditions of pretrial release and managing the court's finances. ("Count II"). R. Doc. 10 at 20-21. According to Plaintiffs, this dual role creates an unconstitutional conflict of interest because Louisiana law requires a portion of bond amounts collected from commercial sureties to be allocated to a "judicial expense fund" which is administered by the judges and, except to pay judges' salaries, shall "be used for any purpose connected with, incidental to, or related to the proper administration or function of the court or the office of the judges thereof." La. Rev. Stat. §§ 13:1381.4(C), (D); R. Doc. 10 at 11-12.

## II.    PENDING MOTIONS

Pending before the Court is Plaintiffs' motion for consolidation. R. Doc. 42. Plaintiffs argue that the above-captioned case should be consolidated with *Matthews v. Herman*, No. 20-cv-1275 (E.D. La., filed April 24, 2020) because both cases involve common questions of law and fact, such that "judicial convenience and economy will be promoted by consolidation of these actions." R. Doc. 42 at 2. Specifically, Plaintiffs explain that the Plaintiffs in both cases seek declaratory relief targeting allegedly unconstitutional pretrial detention policies and that resolution of the issues presented by the case depends on consideration of the same facts.

---

[1] Notably, the claims at issue in both *Moran* and *Matthew* are identical to those raised in *Caliste* and have been litigated at length in the *Caliste* action. In *Caliste*, the Court found that the Fourteenth Amendment requires an inquiry into ability to pay bond and that Judge Cantrell's failure to make this inquiry violated due process. 329 F. Supp. 3d 296, 312 (E.D. La. 2018), *aff'd*, 937 F.3d 525 (5th Cir. 2019). The Court also found that Judge Cantrell's role violated due process because Judge Cantrell both managed bond fee revenue and determined whether a pretrial detainee is able to pay bail and the bond amount. 329 F. Supp. 3d 296, 317 (E.D. La. 2018), *aff'd*, 937 F.3d 525 (5th Cir. 2019). This finding was affirmed by the Fifth Circuit, *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019), and the Supreme Court denied writ, *White v. Cain*, 140 S. Ct. 1120 (2020).

Defendants oppose the motion. R. Doc. 44. Specifically, Defendants argue the Court should defer ruling on this motion until it has addressed the merits of Defendants' motions to dismiss, which are currently pending. Defendants characterize the filing of the *Matthews* suit, and the instant consolidation motion, as "procedural jockeying" and "blatant forum shopping." R. Doc. 44 at 1– 2.

### III.   LAW & DISCUSSION

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). A district court has broad discretion in determining whether consolidation is appropriate. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quoting *N.A.A.C.P. of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973). Factors relevant to this determination include whether the actions are pending in the same court, the common identity of the parties, the existence of common questions or law or fact, the risk of confusion or prejudice that may result from consolidation, and the extent to which consolidation would promote juridical efficiency. *Danos v. Boh Bros. Constr. Co.*, No. CV 10-1469, 2010 WL 11538659, at *2 (E.D. La. July 21, 2010) (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV.A. H-01-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)).

Consolidation is warranted in the instant case. First, both *Moran* and *Matthews* are pending in the same court and target the same Defendants. Second, the cases share common questions of law; namely whether Defendants' bail-related policies and procedures violate Plaintiffs' constitutional rights. Third, the cases share common question of fact, including questions about Defendants' bail determination practices and Defendants' reliance on fees generated by secured

financial conditions of release.  Fourth, the relief requested by both sets of Plaintiffs is identical, as all Plaintiffs seek declarations that Defendants' bail practices and their "dual role" created Louisiana Revised Statutes sections 22:822 and 13:1381.5 violate due process. Fifth, because of the identical claims, the discovery necessary for the resolution of one case largely, if not entirely, overlaps that necessary for the resolution of the other. Finally, consolidation will conserve judicial resources and allow for a timely resolution of this weighty issue. Moreover, the Court disagrees with Defendants' arguments regarding forum shopping. Even if *Moran* is dismissed, *Matthews* would be properly before this section of the Court as it is inherently related to *Caliste v. Cantrell*, Civil Action No. 17-6197. In fact, *Moran* was originally alloted to Section J, but was transferred to Section L based on its relation to *Caliste* in order to promote judicial economy avoid inconsistent outcomes. Waiting to rule on this motion until the motions to dismiss have been resolved is unnecessary and inefficient.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Consolidate, R. Doc. 42, is **GRANTED**.

**IT IS FURTHER ORDERED** that all pleadings hereinafter filed in this consolidated proceeding shall bear the caption of the lead consolidated case (No. 19-13553) together with the docket number of all cases within the consolidation to which the document applies or the notation "ALL CASES" if it applies to all cases. The Clerk is directed to establish a master file and a master docket sheet for the consolidated group of cases. All entries shall be made on the master docket sheet only, with a notation listing the case to which the document applies, except that orders and documents terminating a party or disposing of a case will also be entered on the individual docket sheet. All documents shall be filed in the master file only, except that orders and documents

4

terminating a party or disposing of a case will also be filed in the record of the individual case.

New Orleans, Louisiana this 4th day of June, 2020.

_____
Eldon E. Fallon
United States District Court
