UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILES MORAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13553**<br>**c/w 20-1275** |
| versus | |
| | **SECTION "L" (5)** |
| **KEVA LANDRUM-JOHNSON, ET AL** | |

### MEMORANDUM IN OPPOSITION TO MOTION TO CERTIFY A CLASS ACTION

**May It Please The Court:**

This memorandum is submitted by Defendants, Keva Landrum-Johnson, Paul Bonin, Camille Buras, Darryl Derbigny, Tracey Flemings-Davillier, Karen Herman, Hunter Harris IV, Robin Pittman, Dennis Waldron, Laurie White, Benedict Willard, and Franz Zibilich ("the Judges"), in opposition to plaintiffs' Motion to Certify a Class Action (R. Doc. 48). For the reasons hereinafter set forth, the Judges urge the Court to deny Plaintiffs' motion.

**I. Background**

On January 22, 2020, Plaintiff Larry Matthews was arrested on a felony charge of felon in possession of a weapon. R. Doc. 1 at ¶ 35. That same day, Commissioner Blackburn set Matthews' bond at $15,000. *Id*. at ¶¶ 36, 37.

On January 26, 2020, Plaintiff Ernest Cloud was arrested on felony charges for illegal possession of a firearm, illegal possession of an automobile, and aggravated flight from an officer. *Id*. at ¶ 42. On January 27, 2020, Commissioner Collins set his bond at $35,000 on one

charge. *Id*. at ¶ 43. On January 28, 2020, Commissioner Thibodeaux set bail on the other two charges at $15,000 for each charge. *Id*. at ¶ 43. On April 18, 2020, Commissioner Blackburn, after considering Cloud's motion to reduce his bond, reduced his bond to $11,002. *Id*. at ¶ 44. On April 23, 2020, a Bill of Information was filed charging Cloud with aggravated flight from an officer and illegal possession of a firearm. At the same time, Cloud's case was allotted to Section D and arraignment was set for June 3, 2020. *See* Exhibit A – Ernest Cloud Docket Master, Section D.

On April 24, 2020, Plaintiffs Matthews and Cloud filed their Complaint. R. Doc. 1. In it, they allege that they are pretrial detainees at the Orleans Justice Center. *Id*. at ¶¶ 6, 7. They allege that commissioners conditioned their release upon payment of a secured money bail that they could not afford. *Id*. They further claim that the District Attorney accepted the charges against them, and that their cases ***will*** be allotted to a ***yet unknown*** section of Orleans Parish Criminal District Court, over which ***one*** of the Defendant Judges will preside. *Id*. However, they later allege that a bill of information ***will be filed*** in Matthews' case, after which Matthews will appear before one of the Judges for arraignment. *Id*. at ¶¶ 39, 40. In Cloud's case, they allege that the District Attorney indicated its intent to file a bill or indictment, at which time his case will be allotted, and he will find himself before one of the Judges for arraignment. *Id*. at ¶¶ 47, 48. Plaintiffs admit that, "[a]t arraignment, Defendant Judges ***may*** again consider conditions of release." *Id*. at ¶ 28 (emphasis added). Plaintiffs' alleged injury stems from their fears that ***if*** the ***single Judge*** to whom each of their cases is allotted considers conditions of release at arraignment, they ***will*** do so in an unconstitutional manner. *See Id*. at ¶¶ 41, 48.

On May 11, 2020, a bill of information was filed in Matthews' case. *See* Exhibit B – Larry Matthews Docket Master, Section B. On June 2, 2020, Matthews' case was allotted to Section B, and his arraignment was set for June 9, 2020. *Id*.

On June 3, 2020, Ernest Cloud appeared before Judge Paul Bonin for arraignment. Exhibit C – Transcript of Cloud's Arraignment Hearing. He was represented by attorney Walker Rick. *Id*. At that time, Cloud pled not guilty to the charges against him, discovery issues were discussed, and the case was set for pre-trial on July 29, 2020. *Id*. **Cloud did not request a bail modification or reduction and the court made no decisions regarding his conditions of release.** *See Id*.

On June 9, 2020, Larry Matthews appeared before Judge Tracey Flemings-Davillier for arraignment. Exhibit D – Transcript of Matthews' Arraignment Hearing.  At that time, the Court appointed a public defender to represent him. *Id*. Matthews pled not guilty to the charges against him, discovery issues were discussed, and a motion date was set for July 28, 2020. *Id*. The court indicated that it would place Matthews in the Pre-Trial Services Program if he posted bond, and Matthews' attorney told the court that he had a parole hold. *See Id*. **Cloud did not request and the court did not decide any issues relating to bail modification or reduction.** *See Id*.

**II.     The Named Plaintiffs Do Not Have Standing**

The Supreme Court has held that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Pursuant to Article III of the Constitution, federal courts may only hear matters that present a justiciable case or controversy. U.S. Const. III, § 2. "That a suit may be a class action ...

adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, n 6 (2016), as revised (May 24, 2016) (*citing Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n. 20 (1976)) (internal quotations omitted).

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires that Plaintiffs show an injury that is (1) concrete and particularized and actual or imminent as opposed to conjectural or hypothetical; (2) fairly traceable to the challenged action of the defendant, and (3) is likely to be redressed by a favorable decision. *Id*. at 560–61. At the time suit is filed, the plaintiffs must allege that the defendants' actions have caused them to sustain, or put them in immediate danger of sustaining, a direct rather than abstract injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Plaintiffs must have standing at the time the action commences. *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 170 (2000).

In the instant case, the named Plaintiffs do not have standing because at the time the action was commenced, they had not suffered and were not in imminent danger of suffering a concrete and particularized injury that could be traced to the actions of any of the Defendant Judges, much less all of the Judges. This action commenced on April 24, 2020 when Plaintiffs filed their Complaint. *See* R. Doc. 1. Though Plaintiffs claimed that their future injury would result from a bail modification decision by the judge to whom their case was allotted, neither Plaintiff had requested bail modification from any of the Defendant Judges at the time the action commenced. *See* Exhibits A and B (revealing that there were no pending matters relating to bail).

Plaintiffs allege that neither of their cases had yet been allotted to any of the Defendant Judges at the time this action commenced. If Plaintiffs' allegations are true, then neither plaintiff was a criminal defendant in any section of Orleans Parish Criminal District Court over which the Judges preside, nor had they appeared before or had any matters pending before any of the Judges at the time suit was commenced. *Cf. Caliste v. Cantrell*, CV 17-6197, 2017 WL 3686579, at 3 (E.D. La. Aug. 25, 2017) (This Court denied the defendants' motion to dismiss for lack of standing because the "[n]amed and proposed Plaintiffs in this putative class action [had] criminal cases pending before Defendant.")

If the Court refers to the docket masters for the procedural status of Plaintiffs' criminal cases at the time this action commenced, then Cloud's case had been assigned to Section D, but Cloud had neither appeared nor had any pending bail matters before Judge Bonin at the time this lawsuit was filed. *See* Exhibit A (showing that Cloud did not appear in Section D until June 3, 2020). Matthews' docket master revealed that charges had not yet been filed against him and his case had not yet been allotted to any Judges' section of court at the time the action commenced on April 24, 2020. *See* Exhibit B (showing that charges were filed on May 11, 2020 and Matthews' case was allotted on June 2, 2020).

Critically, Plaintiffs claimed that their future injury would occur at arraignment when a Judge (to be determined in the future), who ***could*** make a bail modification decision, would actually make a bail modification decision (at some time in the future) that would fail to comport with due process. *See generally* R. Doc. 1. The court record shows that this future speculative injury never manifested at either of the Plaintiffs arraignment hearings. *See* Exhibits C and D

(showing that bail modification was neither requested nor considered at Plaintiffs' arraignment hearings).

In addition, when suit was filed, both Matthews and Cloud were in custody because they could not satisfy the financial conditions of release that were set by judicial officers who are not named defendants in this lawsuit. Unlike the *Caliste* Plaintiffs, whose complaint alleged that they had already appeared before the defendant magistrate judge and remained in custody as a direct result of the defendant's imposition of financial conditions of release, Plaintiffs Matthews and Cloud had never appeared before any of the Judges nor were they being detained as a result of any of the Judges' actions. *See Caliste v. Cantrell*, CV 17-6197, Plaintiffs' Complaint at ¶¶ 6-7. In *Rizzo v. Goode*, 423 U.S. 362 (1976), the Supreme Court found that the plaintiffs lacked standing to bring a suit against city police officers seeking an overhaul of the department's disciplinary procedures when none of the defendant officers was alleged to have affirmatively deprived the plaintiffs' of their constitutional rights. *Rizzo v. Goode*, 423 U.S. 362 (1976).

Plaintiffs' alleged injury – the deprivation of constitutional rights in a future bail modification hearing – was not actual or imminent, but rather, depended on a series of hypothetical events that never played out. When the action was commenced, Plaintiffs speculated that their cases would be allotted to one of the Judges, that one of those Judges would have the occasion to consider and rule upon a motion relating to the plaintiffs' pretrial detention, and that the judge ruling upon such a motion would violate federal constitutional law. Like in *O'Shea*, "[n]one of the named plaintiffs is identified as himself having suffered any injury in the manner specified." 414 U.S. at 496 (finding that the plaintiffs lacked standing because their allegations of future injuries were too remote and speculative.). Proof that the named Plaintiffs' alleged

injuries were too abstract, speculative, and hypothetical to confer standing is the fact the neither Plaintiff was subject to a bail modification decision at their arraignment as speculated in their complaint.

Even if the series of hypothetical events alleged in Plaintiffs' Complaint played out, the allegations are still not enough to confer standing against each of the twelve defendant Judges. A scenario conferring standing against each Judge is not only conjectural and speculative, it is nearly impossible. One would have to presume that after initial assignment of a plaintiff's case to a single section of court, that plaintiff would proceed to be arrested on eleven future occasions and on each occasion, a magistrate judge or commissioner would set a financial condition of release that the plaintiff could not afford, that the district attorney would accept each of the future eleven charges, that each of those cases would be allotted to a separate section of court (but not the section to which the plaintiff's current case is allotted) and that each of those separate judges would have the occasion to reconsider the bail previously set by the magistrate judge or commissioner and would do so in an unconstitutional manner. Litigation of this hypothetical or speculative an injury is exactly the type of case that the standing doctrine seeks to prohibit.  *O'Shea* found an alleged injury was too speculative to confer standing when "the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners." 414 U.S. at 496.

### III.   The Putative Class Members Lack Standing

Plaintiffs' proposed class, which includes "all individuals with pending state misdemeanor or felony cases who will, after acceptance of their charges by the District Attorney,

appear before Defendant Judges for proceedings concerning pretrial release" suffers from the same lack of standing as its named representatives. *See* R. Doc. 48-1 at 2. Because none of the proposed class members have actually appeared before any defendant Judge, they cannot claim to have suffered any injury traceable to the actions of any defendant Judge. Moreover, the class members' future appearances before the Judges contain a condition precedent, *i.e.,* that each class member's charges be accepted by the District Attorney. This reliance on a hypothetical course of future events facially contradicts Article III's requirement that plaintiffs allege an injury that is concrete rather than remote and speculative. *See Texas v. United States*, 523 U.S. 296, 300 (1998). (finding that a claim "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). Finally, even if Plaintiffs were free to speculate that their charges would be accepted by the District Attorney, each class member's misdemeanor and/or felony charges would be allotted to a single judge, which may include one of the defendant Judges but may also include the magistrate judge or a municipal or traffic court judge. *See* La. Stat. Ann. § 13:1346 (giving the magistrate judge power to preside over state misdemeanor cases); La. Stat. Ann. § 13:2495 (giving the municipal and traffic court judges jurisdiction to preside over state misdemeanor cases not triable by a jury). As a result, a single class member's future appearance before one of the defendant Judges is entirely conjectural, and a theory that every class member will appear before one of the defendant Judges is highly improbable and likely impossible.

    The Second Circuit in *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006) refused to certify a settlement class that included members who lacked Article III standing, finding that "no class may be certified that contains members lacking Article III standing," *Denney*, 443 F.3d at 264; *Cf. Kohen v. Pacific Investment Management Co.*, 571 F.3d 672 (7th Cir. 2009)

(evaluating the Article III standing for pre-trial class certification by looking only to the named plaintiffs). *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), the Fifth Circuit acknowledged both *Denney* and *Cohen*, but stopped short of adopting either approach to class member standing because it found that the class satisfied both standing tests. 739 F.3d at 804. Here, the named Plaintiffs and the putative class fail both tests.

### IV. Legal Standards for Class Certification under Rule 23

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Federal Rule of Civil Procedure 23 governs class certification. Fed. R. Civ. P. 23. "The party seeking certification bears the burden of establishing that all requirements of Rule 23 have been satisfied." *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). The evidentiary standard applicable to the plaintiffs' burden of proof is a preponderance of the evidence." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228 (5th Cir. 2009) "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Plaintiffs seeking class certification must satisfy Rule 23(a)'s four requirements by demonstrating that, "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "[A]ctual, not presumed, conformance with Rule 23(a) [is] indispensable." *Gen. Tel. Co. v.*

*Falcon*, 457 U.S. 147, 160 (1982). In addition, the plaintiff must also satisfy one of Rule 23(b)'s three requirements. Here, Plaintiffs seek to certify the class under Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

## V. Plaintiffs Cannot Meet Rule 23(a)'s Commonality and Typicality Requirements

Rule 23(a)'s commonality and typicality requirements "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 349 n.5. Moreover, "[r]epresentatives must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The named Plaintiffs seek to represent a broad class that includes "all individuals with pending state misdemeanor or felony cases," who have divergent interests and many of whom will never suffer the alleged future injury claimed by the named Plaintiffs in their Complaint. *See* R. Doc. 48-1 at 2.

### A. Plaintiffs fail to meet the commonality requirement of Rule 23(a)(2)

Plaintiffs' asserted common questions of fact and law are only common to all the class members if each class member appears before one of the defendant Judges for a monetary bail modification decision. *See* R. Doc. 48-1 at 8-9. However, many of the class members will never appear before the defendant Judges for any reason because either their charges will not be accepted by the District Attorney or their cases are allotted to the magistrate judge or one of the

{01083440 - v1} 10

municipal or traffic court judges. Additionally, even for prospective class members whose charges are accepted and whose cases are allotted to one of the defendant Judges, the Judge may never consider or rule upon any issues related to bail because those class members have either been released by the magistrate judge subject to a nonfinancial condition or subject to a financial condition that they were able to meet with or without the use of a commercial surety. Still, there are potential class members who may be detained for failing to meet non-financial conditions of release. Still further, there are potential class members who might be detained as a result of bail conditions set by another judicial officer, but who never seek a bail modification from any of the defendant Judges. As a result, the Plaintiffs' asserted common questions of law and fact are only common to the proposed class if a series of future speculative events occur in each class member's criminal case. Proof that such happenstance is not only speculative and remote, but impossible, is the fact that the course of events necessary to meet the commonality requirement failed to occur in both of the named Plaintiff's cases because neither of them were subject to a bail modification decision at their arraignment hearing.

Plaintiffs' asserted common questions of law and fact impermissibly rely upon unsupported allegations that the defendant Judges will follow established court-wide policies and practices when making bail determinations. *See* R. Doc. 48-1 at 7 (claiming that "[t]he resolution of the central facts and legal issues concerning the Defendants' practice of detaining people on secured monetary conditions that they cannot meet.")[1] Although Rule 23 does not set forth a mere pleading standard," it is notable that neither named Plaintiff even claims that he has been subject to the alleged policies or practices in bail modification hearings that Plaintiffs claim are

---

[1] The Judges note that it is not inherently unconstitutional to set a monetary condition of bail that a defendant cannot afford so long as certain due process protections are afforded.

central and common to their proposed class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 350. Even if they had, such anecdotal evidence would not provide sufficient proof that all of the defendant Judges follow court-wide policies and procedures in bail hearings. In *Walmart*, the Supreme Court rejected the proposition that such anecdotal evidence constituted "significant proof" that Wal-Mart "operated under a general policy of discrimination." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 353 (*quoting General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 159 n.15 (1982)). When faced with 120 affidavits from prospective class members attesting to past discrimination, the Supreme Court noted that, "[e]ven if every single one of these accounts is true, that would not demonstrate that the entire company 'operate[s] under a general policy of discrimination,' which is what [plaintiffs] must show to certify a companywide class." *Id*. at 358 (*quoting Falcon*, 457 U.S. at 159 n.15).

Plaintiffs' statistical evidence regarding the number of individuals detained in the Orleans Justice Center is not enough to overcome their failure to establish commonality necessary to certify the putative class. *See* R. Doc. 48-1 at 4-5. On their face, these statistics indicate nothing to shore up the rocky and conjectural foundation upon which Plaintiffs base their commonality argument. Their statistics admittedly discuss the number of detainees who could not "pay the financial condition of release required at the initial bail hearing," which is a hearing held before the magistrate section of OPCDC, not before the Judges. *See* R. Doc. 48-1 at 4. More importantly, the statistics contain no information regarding the judicial officers, if any, who made bail modification decisions or the circumstances underlying those bail decisions. As in *Wal-Mart*, Plaintiffs' "theory of commonality depends" on proving the existence of a "uniform" court-wide policy or practice. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 354. Because

Plaintiffs cannot meet this burden, their attempts to establish commonality must fail. *See Id.* at 356 (finding that "statistical and anecdotal evidence . . . falls well short.").

### B. Plaintiffs fail to meet the typicality requirement of Rule 23(a)(3)

Neither of the named Plaintiffs has interests that align with the interests of the class as required by Rule 12(a)(3). The Judges agree with the plaintiffs that "the certification can be said to 'relate back' to the filing of the complaint." R. Doc. 48-1 at 11 (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008)). As discussed *supra*, at the time the original Complaint was filed, neither named Plaintiff alleged an injury that was ripe for adjudication and neither had suffered the alleged injury from which they seek to protect the class. *See Texas v. United States*, 523 U.S. at 300 (finding that a claim "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

In an attempt to establish typicality, Plaintiffs claim that:

> Plaintiffs' claims are typical of the claims of the Class members. They will be imminently subject to the practices alleged in the Complaint and will suffer the exact same constitutional violations that all other Class members will suffer: potential pre-trial detention for no reason other poverty, by a court with an inherent conflict of interest.

R. Doc. 48-1 at 10. Of course, neither named Plaintiff was "imminently subject to the practices alleged in the Complaint" because neither of them was subject to a bail modification decision by the Defendant Judges in their felony cases. Yet they seek to represent a class of individuals with interests varying from their own, including those who have pending misdemeanor charges, those whose charges will never be accepted, those who are never detained, those who are able to satisfy monetary conditions of release, those whose cases are never assigned to any of the

defendant Judges, and those who never seek a bail modification. Even "the presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." *Elizabeth M. v. Montenez*, 458 F.3d 779, 787 (8th Cir. 2006); *see generally Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007) (typicality requires that "each class member's claim arises from the same course of events"). Not only do the named Plaintiffs attempt to project the facts specific to their felony charges, they also try to pigeonhole proposed class members into the procedural and substantive aspects of their cases, which require individualized consideration, including whether or not they present risks of flight or community danger, their criminal history, their ability to pay bail, and whether alternative conditions of release, like substance abuse treatment, are suited to their particular circumstances. The named Plaintiffs' interests are not even typical of one another, much less typical of the putative class members. The only part of Plaintiffs' claims that are typical of the class members is that, like Plaintiffs, many of the proposed class members will never suffer the future injury alleged in the Complaint and accordingly have no standing to assert any claim at all.

Additionally, the named Plaintiffs' alleged interest in preventing the Judges from setting monetary conditions of release is antithetical to the interests of putative class members who wish to post monetary bail to satisfy the court's concerns for flight risk or community danger (as opposed to detention or more onerous non-financial conditions). *See Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir. 1997) (finding "a conflict between the interests of the putative representative and members of the class"); *Hansberry v. Lee*, 311 U.S. 32 (1940) (plaintiffs seeking to enforce an agreement cannot represent class members who do not want it enforced).

## VI. The Named Plaintiffs Cannot Serve as Adequate Representatives of the Putative Class as Required by Rule 23(a)(4)

Neither of the named Plaintiffs is currently a member of the class they seek to represent because neither was subject to a bail modification decision by the Defendant Judges. As discussed *supra*, both named Plaintiffs appeared for arraignment, at which time bail modification was neither requested by the plaintiffs nor considered by the court. As a result, they lack the requisite interest to represent putative class members. Plaintiffs cite to *Gerstein v. Pugh*, 420 U.S. 103 (1975) to bolster their ability to represent the class despite no longer being class members. R. Doc. 48-1 at 6, 11. In *Gerstein*, the Court found that Florida's system of pretrial detention absent a judicial finding of probable cause was unconstitutional. *Gerstein v. Pugh*, 420 U.S. 103 (1975), However, unlike the named Plaintiffs' here, the named plaintiffs in *Gerstein*, "were members of a class of persons detained without a judicial probable cause determination . . [a]t the time the complaint was filed." *Gerstein*, 420 U.S. at 111, n.11. Moreover, the *Gerstein* plaintiffs were detained as a direct result of the challenged policy, whereas Matthews' and Cloud's detentions at the time the Complaint was filed were not related to any of the challenged actions of the Judges. As a result, not only did the *Gerstein* plaintiffs, unlike Matthews and Cloud, have standing when their original complaint was filed, they prove that it is possible to establish the requisite standing to challenge pretrial detention even though they might subsequently be released from custody prior to class certification, defeating Matthews and Cloud's claim that their alleged injuries are "capable of repetition yet evading review." *See* R. Doc. 48-1 at 11.

### VII. Plaintiffs Fail to Meet the Numerosity Requirement of Rule 23(a)(1)

Other than speculate about the number of putative class members using 2018 statistics regarding detainees in the Orleans Justice Center, Plaintiffs make no effort to meet their burden of proving numerosity as required by Rule 23(a)(1). *See* R. Doc. 48-1 at 4-5. Moreover, as discussed *supra*, many members of the named Plaintiffs' proposed class will never appear before the Judges for a bail hearing and, as a result, could never suffer even the speculative injury alleged in Plaintiffs' Complaint. In sum, Plaintiffs fail to demonstrate numerosity necessary for class certification.

### VIII. Plaintiffs Do Not Meet the FRCP Rule 23(b) Requirements

Plaintiffs claim that the putative class meets the requirements of Rule 23(b)(2). R. Doc. 48-1 at 13. To prevail on this claim, Plaintiffs must show that the Judges "ha[ve] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 360 (*quoting* Fed. R. Civ. P. 23(b)(2)). Plaintiffs fail to meet Rule 23(b)(2)'s requirements because they neither demonstrate that the defendant Judges have acted in a way that is generally applicable to the class nor can they show that injunctive relief is "appropriate respecting the class as a whole." *See* Fed. R. Civ. P. 23(b)(2).

First, Plaintiffs do not even allege, much less sufficiently demonstrate, that the defendant Judges acted or failed to act in any regard. Rather, they claim that, "all class members are faced with the imminent probability of having a financial condition required for their release." R. Doc. 48-1 at 13. This speculative claim is neither true nor capable of meeting Rule 23(b)(2)'s

requirement. For every class member, a judicial officer other than one of the defendant Judges will determine what conditions of release, if any, are imposed. For many class members, no conditions of release will be imposed. For many more, non-financial conditions of release will be imposed. For many more, financial conditions of release will be imposed and will subsequently be satisfied by class members who are able to post bail. For those class members who are detained for failure to satisfy financial conditions of release, some of them will be released following the District Attorney's refusal of charges, and many more will have their cases assigned to the magistrate judge, a municipal judge, or a traffic court judge for adjudication of the merits.

For the class members who are detained as a result of their inability to pay a financial condition of release previously set by non-defendant judicial officer and whose cases get allotted to one of the defendant Judges, still some of them will never ask for bail modification. Plaintiffs' entire argument rests upon the assumption that for the class members who may in the future request a bail modification from one of the Judges, that Judge will act in the unconstitutional manner predicted by Plaintiffs in their Complaint. But the hypothetical, speculative, and conjectural allegations in Plaintiffs' pleadings are not enough to certify a class, and Plaintiffs have failed to demonstrate that the defendant Judges have court-wide policies or procedures that have caused or will cause injury even to the subset of class members who will appear before them requesting bail modification. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

Second, Plaintiffs fail to show that the requested declaratory relief will affect the class as a whole. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them. In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 361 (internal quotations omitted). Here, because many of the putative class members will never appear before the defendant Judges for bail modification, and therefore, can never suffer an injury from the alleged unconstitutional bail practices and policies of the Judges, a declaratory judgement could never "provide relief to each member of the class" as required by Rule 23(b)(2).

## IX. Conclusion

For the foregoing reasons, the Judges urge the Court to deny plaintiffs' Motion to Certify a Class Action.

Respectfully submitted,

/s/ Mindy Nunez Duffourc

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408)
dphayer@burglass.com
Mindy Nunez Duffourc (#33618)
mnunezduffourc@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July 2020, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Mindy Nunez Duffourc
_____