CRIMINAL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

VERSUS

ERNEST CLOUD

CASE NUMBER: 548-651                                    SECTION "D"

_____

************************************************************

_____

Transcript of the remote proceedings taken during the hearing in the above-captioned matter on Wednesday, June 3, 2020, before the Honorable Paul A. Bonin, Judge Presiding.

APPEARANCES:

    JASON GALJOUR, ESQ.
      Assistant District Attorney
    WALKER RICK, ESQ.
      Representing the Defendant

REPORTED BY:

    Eve S. Kazik, CCR
    Registered Merit Reporter

```
 1  STATE OF LOUISIANA              CRIMINAL DISTRICT COURT
 2  VERSUS                          PARISH OF ORLEANS
 3  ERNEST CLOUD                    CASE NO. 548-651
 4                    P R O C E E D I N G S
 5                    Wednesday, June 3, 2020
 6  THE CLERK:
 7           Judge, the case that's coming from
 8       section --
 9  THE COURT:
10           Hold on.  Let him get situated and let's
11       find out who his lawyer is.
12  THE CLERK:
13           The lawyer is Walker Rick, Judge.
14  THE COURT:
15           Mr. Cloud?  This is Case 548-651, State
16       of Louisiana v. Ernest Cloud for arraignment.
17       Go ahead and make your appearances.
18  MR. RICK:
19           Walker Rick on behalf of Mr. Cloud who
20       is present via video feed.
21  MR. GALJOUR:
22           Jason Galjour on behalf of the State,
23       your Honor.
24  THE COURT:
25           Very good.  Mr. Cloud, I previously -- I
26       have already appointed the public defender's
27       office.  You wanted a lawyer appointed for
28       you?
29  THE DEFENDANT:
30           Yes, Judge.
31  THE COURT:
32           All right.  Mr. Cloud, the district
```

```
 1          attorney charges in Count 1 that on
 2          January 26th of this year you did illegally
 3          procure, receive, possess, or conceal or
 4          misappropriate and/or a stolen firearm
 5          belonging to Michael Scholl.
 6                  You're pleading not guilty; is that
 7          correct?
 8  THE DEFENDANT:
 9                  By who?  Michael who?
10  THE COURT:
11                  Scholl.  I'm sorry?
12  THE DEFENDANT:
13                  Would you repeat that?
14  THE COURT:
15                  The district attorney charges that you
16          illegally procured, received, possessed,
17          concealed, or misappropriated and/or stolen
18          firearm belonging to Michael Scholl.  So I'm
19          asking you, you are pleading not guilty?  Is
20          that right?
21  THE DEFENDANT:
22                  Yes.
23  THE COURT:
24                  In Count 2 the district attorney charges
25          that on that same day you committed simple
26          flight from a levee district officer by
27          failing to obey his signals and so forth.
28          Are you pleading not guilty to that count as
29          well?
30  THE DEFENDANT:
31                  Yes, sir.
32  THE COURT:
```

```
 1                    All right.  You have a right to trial by
 2           jury.  It's a jury of 12 persons.  All of
 3           them must agree in order to find you guilty
 4           or not guilty.  You can waive your right to
 5           trial by jury and ask to be tried by a judge
 6           alone, but there are deadlines for that.
 7                    Mr. Rick can explain those deadlines to
 8           you.  You don't need to make a decision
 9           today.
10                    I am -- Mr. Rick, I don't know if you
11           had heard, I'm not doing any orders for
12           deadlines for discovery and filing of motions
13           yet.  I'm asking that -- have you all been in
14           communication, you and Mr. Galjour at all?
15  MR. RICK:
16                    Not about Mr. Cloud's case.  However, I
17           understand both the Court and Mr. Galjour
18           omnibus motion and discovery request shortly
19           after this meeting.
20  THE COURT:
21                    I wish you wouldn't do that.  That's
22           just a lot of paper.  Just talk to each other
23           and see what you're really going to need to
24           do.
25  MR. GALJOUR:
26                    Judge, I did send paper discovery.
27           There was no body camera because it was levee
28           district.  I have went through all the
29           different databases for body cam.  There is
30           none listed.  So all we have is paper
31           discovery at this time.
32  THE COURT:
```

```
 1              we will set this for a pre-trial on
 2              July 29th, and we will see where we are going
 3              to go with hearings -- what hearings may be
 4              necessary and so forth.
 5  THE DEFENDANT:
 6              I would like -- (inaudible) what about
 7              forms for property?  Can I get them back?
 8  THE COURT:
 9              I'm -- get a little closer.  I'm having
10              a hard time hearing.
11  THE DEFENDANT:
12              Yes, sir.  I was asking about my
13              property.  I was asking how to go about --how
14              do I get it back.
15  MR. RICK:
16              Mr. Cloud, if you will give me a call on
17              the phone today, we can discuss what that is,
18              and I can file a motion with Judge Bonin to
19              request whatever property is subject to
20              seizure.
21  THE COURT:
22              Okay.  What was it that he was saying
23              generally?  I really was not able to
24              understand.  I am just getting a bad signal.
25  MR. RICK:
26              It sounded like he was inquiring about a
27              motion to return property.  I think that
28              maybe during the stop or arrest something of
29              his was seized.
30  THE COURT:
31              All right.  You all have you been in
32              contact with Mr. Cloud or not?
```

MR. RICK:

    Yes.

THE COURT:

    Fine.  Let's turn to the other case that he's got with us.  Mr. Galjour, did you want to say something about that case?

MR. GALJOUR:

    Yes.  I have not received that file from Section "J" yet, Judge.

THE COURT:

    Mr. Rick, do you know if he's been arraigned in the other case?

MR. RICK:

    It was in trial posture, Judge.  And there is a pending motion to quash based on a Sixth Amendment speedy trial right.

    Your Honor, I noticed there is a 531 case which has never been brought to trial.  I think -- I have not looked at it because it's saved on the secure drive at my office.  But I believe the procedural history is outlined pretty well in my motion to quash.

    And the week that -- the last week that we had court, it was on March 9th.  I looked at docket master.  It says the State filed a response to my motion.  And Judge Derbigny was to rule on it at some point.  But then courts kind of hit a screeching halt.

    I never received the State's motion.  Mr. Galjour, I think it was filed by Mr. David Leblanc with your office, if you want to track that down.

```
 1              But there is a minute entry that the
 2          State responded.  I haven't been served with
 3          that.  The posture of the case, I guess, was
 4          just the Court was to rule on a motion to
 5          quash based on pre-trial delays.
 6  THE COURT:
 7              Okay.  Why don't we do this, if it's all
 8          right with both of you all:  I'll give you
 9          each ten days to send me the memorandum that
10          each side has already filed.  Just send your
11          own to me and to each other.
12              Do you -- if there is anything else you
13          want to say, and we will set it for a motion
14          to quash hearing before the -- what is the
15          charge in the case?
16  MR. RICK:
17              Simple robbery.  He's alleged to have
18          taken a cell phone.
19  THE COURT:
20              Let's get that -- I'll give you ten days
21          for that.
22  MR. RICK:
23              Can I inquire, Judge?  Because I
24          remember just vaguely that I thought about
25          filing a supplemental motion after I learned
26          that the State filed a response with some
27          additional law that I found.
28              If I amended that with Section "J," is
29          that fine with your Honor?
30  THE COURT:
31              What's that?
32  MR. RICK:
```

```
 1            I asked, I guess, if I could amend the
 2       motion I filed to Section "J." I wanted to
 3       update it with more research I did after I
 4       filed it.
 5  THE COURT:
 6            How much time do you think you need to
 7       do that?
 8  MR. RICK:
 9            Ten days is fine.  I can do it within
10       the next --
11  THE COURT:
12            I'm going to go ahead and give you ten
13       days to file a supplemental or amended
14       motion.
15            I'll give Mr. Galjour ten days after
16       that to file a response or any objections he
17       has, if he has an objection.
18            Still give me both of whatever has been
19       filed already so I can kind of see that and
20       do that by e-mail.  So that will put us at
21       about the 23rd.  And I'll set this for the --
22       what would be the first Wednesday in July?
23            We will set it for the 24th of June for
24       a ruling on the motion to quash in the case
25       that's been transferred from Section "J."
26       Okay?  Is that everything?
27  MR. RICK:
28            Yes.
29  THE COURT:
30            All right.  Very good.  Thank you all
31       very much.  Okay.
32                      *   *   *   *   *
```

CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

## REPORTER'S CERTIFICATE

This certificate is valid only for a transcript accompanied by my original signature and original required seal on this page.

I, **Eve S. Kazik**, Official Court Reporter in and for the State of Louisiana, employed as an official court reporter by the Criminal District Court, Orleans Parish, for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board or the Supreme Court of Louisiana, and that I am not related to counsel or to the parties herein nor am I otherwise interested in the outcome of this matter.

_____
**Eve S. Kazik, RMR**
License No. 87028
Official Court Reporter
Criminal District Court
Section "D"

June 19, 2020