# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

---

**MILES MORAN, ET AL**

**VERSUS**

**versus**

**KEVA LANDRUM-JOHNSON, ET AL**

**CIVIL ACTION**

**NO. 19-13553**
**c/w 20-1275**

**SECTION "L" (5)**

---

### MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP MOTION TO DISMISS

May It Please The Court:

This memorandum is submitted by Defendants, Keva Landrum-Johnson, Paul Bonin, Camille Buras, Darryl Derbigny, Tracey Flemings-Davillier, Karen Herman, Hunter Harris IV, Robin Pittman, Dennis Waldron, Laurie White, Benedict Willard, and Franz Zibilich ("the Judges") in support of their Motion to Dismiss Plaintiffs' Class Action Complaints for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the plaintiffs, Larry Matthews and Ernest Cloud, lack standing.

## I.      Standards for FRCP 12(b)(1) Motion

Motions pursuant to FRCP 12(b)1 allow a party to challenge subject matter jurisdiction. FRCP 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Plaintiffs have the burden of proving jurisdiction exists, and this burden is constant throughout the

litigation. *United States v. Goncalves*, 613 F.3d 601, 608 (5th Cir. 2010). Here, Plaintiffs' Class Action Complaint and undisputed facts as shown in the Orleans Parish Criminal District Court records[1] collectively demonstrate this Court's lack of subject matter jurisdiction.

## II.    Plaintiffs' Allegations and Undisputed Facts

On January 22, 2020, Plaintiff Larry Matthews was arrested on a felony charge of felon in possession of a weapon. R. Doc. 1 at ¶ 35.  That same day, Commissioner Blackburn set Matthews' bond at $15,000. *Id*. at ¶¶ 36, 37.

On January 26, 2020, Plaintiff Ernest Cloud was arrested on felony charges for illegal possession of a firearm, illegal possession of an automobile, and aggravated flight from an officer. *Id*. at ¶ 42. On January 27, 2020, Commissioner Collins set his bond at $35,000 on one charge. *Id*. at ¶ 43. On January 28, 2020, Commissioner Thibodeaux set bail on the other two charges at $15,000 for each charge. *Id*. at ¶ 43.  On April 18, 2020, Commissioner Blackburn, after considering his motion to reduce his bond, reduced Cloud's bond to $11,002. *Id*. at ¶ 44. On April 23, 2020, a Bill of Information was filed charging Cloud with aggravated flight from an officer and illegal possession of a firearm. At the same time, Cloud's case was allotted to Section D and arraignment was set for June 3, 2020. *See* Exhibit A – Ernest Cloud Docket Master, Section D.

On April 24, 2020, Plaintiffs Matthews and Cloud filed their Complaint. R. Doc. 1. In it, they allege that they are pretrial detainees at the Orleans Justice Center. *Id*. at ¶¶ 6, 7. They also allege that commissioners conditioned their release upon payment of a secured money bail that they could not afford. *Id*. They further claim that the District Attorney accepted the charges

---

[1] *See Cain v. City of New Orleans*, 186 F. Supp. 3d 536, 546 (E.D. La. 2016) (taking judicial notice of facts in Orleans Criminal District Court records).

against them, and that their cases **will** be allotted to a ***yet unknown*** section of Orleans Parish Criminal District Court, over which ***one*** of the Defendant Judges will preside. *Id*. However, they later allege that a bill of information ***will be filed*** in Matthews' case, after which Matthews will appear before one of the Judges for arraignment. *Id*. at ¶¶ 39, 40. In Cloud's case, they allege that the District Attorney indicated its intent to file a bill or indictment, at which time his case will be allotted, and he will find himself before one of the Judges for arraignment. *Id*. at ¶¶ 47, 48. Plaintiffs admit that, "[a]t arraignment, Defendant Judges ***may*** again consider conditions of release." *Id*. at ¶ 28 (emphasis added). Plaintiffs alleged injury stems from their fears that ***if*** the ***single Judge*** to whom each of their cases is allotted considers conditions of release at arraignment, they **will** do so in an unconstitutional manner. *See Id*. at ¶¶ 41, 48.

On May 11, 2020, a bill of information was filed in Matthews' case. *See* Exhibit B – Larry Matthews Docket Master, Section B. On June 2, 2020, Matthews' case was allotted to Section B, and his arraignment was set for June 9, 2020. *Id*.

On June 3, 2020, Ernest Cloud appeared before Judge Paul Bonin for arraignment. Exhibit C – Transcript of Cloud's Arraignment Hearing. He was represented by attorney Walker Rick. *Id*. At that time, Cloud pled not guilty to the charges against him, discovery issues were discussed, and the case was set for pre-trial on July 29, 2020. *Id*. ***Cloud did not request a bail modification or reduction and the court made no decisions regarding his conditions of release.*** *See Id*.

On June 9, 2020, Larry Matthews appeared before Judge Tracey Flemings-Davillier for arraignment. Exhibit D – Transcript of Matthews' Arraignment Hearing.  At that time, the Court appointed a public defender to represent him. *Id*. Matthews pled not guilty to the charges against

him, discovery issues were discussed, and a motion date was set for July 28, 2020. *Id*. The court indicated that it would place Matthews in the Pre-Trial Services Program if he posted bond, and Matthews' attorney told the court that he had a parole hold. *Id*. ***Cloud did not request and the court did not decide any issues relating to bail modification or reduction.*** *See Id*.

### III.   Plaintiffs do not have Standing because their Injuries are Too Speculative, Conjectural, and Hypothetical and Cannot be Fairly Traced to the Judges' Actions.

Pursuant to Article III of the Constitution, federal courts may only hear matters that present a justiciable case or controversy. U.S. Const. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires that Plaintiffs show an injury that is (1) concrete and particularized and actual or imminent as opposed to conjectural or hypothetical; (2) fairly traceable to the challenged action of the defendant, and (3) is likely to be redressed by a favorable decision.  *Id*. at 560–61. At the time suit is filed, the plaintiffs must allege that the defendants' actions have caused them to sustain or put them in immediate danger of sustaining a direct rather than abstract injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Plaintiffs must have standing at the time the action commences. *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 170 (2000). "Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea*, 414 U.S. at 494.

Plaintiffs do not have standing because at the time the action was commenced, they had not suffered and were not in imminent danger of suffering a concrete and particularized injury that could be traced to the actions of any of the Defendant Judges, much less all of the Judges.

This action commenced on April 24, 2020 when Plaintiffs filed their Complaint. *See* R. Doc. 1. Though Plaintiffs claimed that their future injury would result from a bail modification decision by the judge to whom their case was allotted, neither Plaintiff had requested bail modification from any of the Defendant Judges at the time the action commenced. *See* Exhibits A and B (revealing that there were no pending matters relating to bail).

Plaintiffs allege that neither of Plaintiffs' cases had yet been allotted to any of the Defendant Judges at the time this action commenced. If Plaintiffs' allegations are true, then neither was a criminal defendant in any section of Orleans Parish Criminal District Court over which the Judges preside nor had either appeared before or had any matters pending before any of the Judges at the time the suit was commenced. *Cf. Caliste v. Cantrell*, CV 17-6197, 2017 WL 3686579, at 3 (E.D. La. Aug. 25, 2017) (This Court denied the defendants' motion to dismiss for lack of standing because the "[n]amed and proposed Plaintiffs in this putative class action [had] criminal cases pending before Defendant.")

If the Court refers to the docket masters for the procedural status of Plaintiffs' criminal cases at the time this action commenced, then Cloud's case had been assigned to Section D, but Cloud had neither appeared nor had any pending bail matters before Judge Bonin at the time this lawsuit was filed. *See* Exhibit A (showing that Cloud did not appear in Section D until June 3, 2020). Matthews' docket master revealed that charges had not yet been filed against him and his case had not yet been allotted to any Judges' section of court at the time the action commenced on April 24, 2020. *See* Exhibit B (showing that charges were filed on May 11, 2020 and Matthews' case was allotted on June 2, 2020).

Critically, Plaintiffs claimed that their future injury would occur at arraignment when a Judge (to be determined in the future), who **could** make a bail modification decision, would actually make a bail modification decision (at some time in the future) that would fail to comport with due process. *See generally* R. Doc. 1. The court record shows that this future speculative injury never manifested at either of the Plaintiffs' arraignment hearings. *See* Exhibits C and D (showing that bail modification was neither requested nor considered at Plaintiffs' arraignment hearings).

In addition, when suit was filed, both Matthews and Cloud were in custody because they could not satisfy the financial conditions of release that were set by judicial officers who are not named defendants in this lawsuit. Unlike the *Caliste* Plaintiffs, whose complaint alleged that they had already appeared before the defendant magistrate judge and remained in custody as a direct result of the defendant's imposition of financial conditions of release, Plaintiffs Matthews and Cloud had never appeared before any of the Judges nor were they being detained as a result of any of the Judges' actions. *See Caliste v. Cantrell*, CV 17-6197, Plaintiffs' Complaint at ¶¶ 6-7. In *Rizzo v. Goode*, 423 U.S. 362 (1976), the Supreme Court found that the plaintiffs lacked standing to bring a suit against city police officers seeking an overhaul of the department's disciplinary procedures when none of the defendant officers was alleged to have affirmatively deprived the plaintiffs' of their constitutional rights. *Rizzo v. Goode*, 423 U.S. 362 (1976).

Plaintiffs' alleged injury – the deprivation of constitutional rights in a future bail modification hearing – was not actual or imminent, but rather, depended on a series of hypothetical events that never played out. When the action was commenced, Plaintiffs speculated that their cases would be allotted to one of the Judges, that one of those Judges would have the occasion to consider and rule upon a motion relating to the plaintiffs' pretrial detention, and that

the judge ruling upon such a motion would violate federal constitutional law. As in *O'Shea*, "[n]one of the named plaintiffs is identified as himself having suffered any injury in the manner specified." 414 U.S. at 496 (finding that the plaintiffs lacked standing because their allegations of future injuries were too remote and speculative.). Proof that Plaintiffs' alleged injuries were too abstract, speculative, and hypothetical to confer standing is the fact the neither Plaintiff was subject to a bail modification decision at their arraignment as speculated in their complaint.

Even if the series of hypothetical events alleged in Plaintiffs' Complaint played out, the allegations are still not enough to confer standing against each of the twelve defendant Judges. A scenario conferring standing against each Judge is not only conjectural and speculative, it is nearly impossible. One would have to presume that after initial assignment of a plaintiff's case to a single section of court, that plaintiff would proceed to be arrested on eleven future occasions and on each occasion, a magistrate judge or commissioner would set a financial condition of release that the plaintiff could not afford, that the district attorney would accept each of the future eleven charges, that each of those cases would be allotted to a separate section of court (but not the section to which the plaintiff's current case is allotted), and that each of those separate judges would have the occasion to reconsider the bail previously set by the magistrate judge or commissioner and would do so in an unconstitutional manner. Litigation of this hypothetical or speculative injury is exactly the type of case that the standing doctrine seeks to prohibit. *O'Shea* found an alleged injury was too speculative to confer standing when "the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners." 414 U.S. at 496.

IV.     **Conclusion**

{01083425 - v1}                          7

For the reasons discussed herein, Defendants, Keva Landrum-Johnson, Paul Bonin, Camille Buras, Darryl Derbigny, Tracey Flemings-Davillier, Karen Herman, Hunter Harris IV, Robin Pittman, Dennis Waldron, Laurie White, Benedict Willard, and Franz Zibilich, respectfully request that this Court grant this motion and dismiss Plaintiffs' Class Action Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

/s/ Mindy Nunez Duffourc

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408)
dphayer@burglass.com
Mindy Nunez Duffourc (#33618)
mnunezduffourc@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July 2020, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Mindy Nunez Duffourc