## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MILES MORAN and GERARD TAYLOR,
for themselves and all others similarly
situated,

               Plaintiffs,

     v.

KEVA LANDRUM-JOHNSON, et al.,

              Defendants.

Case No. 19-cv-13553-EEF-MBN
Consolidated with 20-cv-1275
(This filing pertains only to *Matthews v. Herman*, 20-cv-01275)
(Class Action)

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants in *Matthews v. Herman*, 20-cv-01275, have moved this Court to dismiss Plaintiffs Larry Matthews's and Ernest Cloud's claims for lack of standing. (ECF No. 53.) This motion presents arguments nearly identical to those in a motion to dismiss previously filed by Defendants in *Moran v. Landrum-Johnson*, 19-cv-13553. (ECF No. 28.) In both motions, Defendants argue that the respective Plaintiffs lacked standing because their injuries at the moment of filing were "too speculative, conjectural, and hypothetical and cannot be fairly traced" to Defendants. (ECF Nos. 28-1 at 4; 53-1 at 4.) The motions differ in their discussion of the subsequent histories of Plaintiffs' cases in the Orleans Criminal District Court. In *Moran*, Defendants argued that the refusal of Mr. Moran's charges and the eventual guilty plea of Mr. Taylor rendered their claims moot and were proof that they were too speculative. (ECF No. 28-1 at 7–8.) Here, Defendants argue that Mr. Matthews and Mr. Cloud did not raise bond reduction arguments at their arraignments. (ECF No. 53-1 at 3, 6.)  None of these are reasons to dismiss the case.

Plaintiffs Matthews and Cloud incorporate the arguments made in the *Moran* brief (ECF No. 34 at 8–19) and at oral argument on May 27, 2020. Plaintiffs merely summarize those arguments here: Threats of imminent future injury are sufficient to confer standing. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)*; Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *Seals v. McBee*, 898 F.3d 587, 592 (5th Cir. 2018).

The facts alleged here present a threat of harm more immediate than shown in other cases where standing was affirmed. *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1971) (holding that plaintiff had standing for declaratory relief against municipal zoning body where future injury was conditioned on (a) zoning change to allow construction of low-income housing, (b) construction of such housing, and (c) plaintiff's statement that he would "probably" move  to such housing since it would be closer to his job); *Seals*, 898 F.3d at 592 (holding that arrestees had standing to facially challenge criminal statute and enjoin its enforcement even where the District Attorney had issued a nolle prossequi for the plaintiffs); *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (finding imminent harm sufficient for standing of motorized wheelchair users seek declaratory judgment that yet-to-be-constructed sidewalks violated the ADA); *Bailey v. Ryan Stevedoring Co., Inc.*, 613 F.2d 588 (5th Cir. 1980) (holding that plaintiff had standing to enjoin two racially segregated unions to merge despite his having suffered no past harm from the segregated unions' practices).

 As with the *Moran* Plaintiffs, *subsequent* developments in Mr. Matthews's and Mr. Cloud's criminal prosecutions do not deprive them of standing to challenge Defendants' pretrial detention practices. The key question is whether, at the time of filing, they faced an imminent threat of constitutional violation.  And this question cannot seriously be disputed: at the moment they filed suit, they were about to be assigned at random to one of Defendants' courts and

presented to that court for a hearing that violated their rights, given Defendants' uniformly unconstitutional policies. That imminent future injury is sufficient, and Plaintiffs are not required to wait until they endure that harm in order to seek prospective relief to prevent it.

Defendants nonetheless argue that "bail modification was neither requested nor considered at Plaintiffs' arraignment hearings." (ECF No. 53-1 at 6.)  This appears to be a mootness argument rather than a standing argument.  But Plaintiffs' claims are not moot. The transient nature of the harm alleged here makes these injuries capable of repetition yet evading review. In such instances, people have standing as class representatives even if their individual claims would soon be moot. (ECF No. 34 at 17–19 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (holding that a representative plaintiff's challenge to the county's failure to make prompt probable cause determinations was not moot even though the plaintiffs received probable cause determinations or release from custody prior to class certification); *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008)); *see also Caliste v. Cantrell*, 17-cv-06197-EEF-MBN, 2017 WL 3686579 (E.D. La. Aug. 25, 2017) (denying motion to dismiss asserting that plaintiffs whose criminal cases had concluded lacked standing to challenge pretrial detention practices).

The subsequent history of these two criminal prosecutions does not negate the immediacy of the harm to Mr. Matthews and Mr. Cloud at the time they filed their complaint, or the class of people they seek to represent. If the imminence of threatened harm at the time of filing were measured by the future outcome of an individual prosecution, then decisions like *Riverside, Gerstein*, *Steffel*, *Sosna*, *Seals* and *Caliste* would be rendered meaningless. Defendants would be

able to quash lawsuits simply by refraining from perpetrating the alleged constitutional violation against the proposed class representative.

For these reasons, as supported by the arguments previously made in opposition to Defendants' motion to dismiss in *Moran* (ECF No. 34), the Court should deny Defendants Motion to Dismiss (ECF No. 53).

Respectfully submitted,

*/s/ Eric A. Foley*
Eric A. Foley, La. Bar No. 34199, T.A.
James W. Craig, La. Bar No. 33687
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, La 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
eric.foley@macarthurjustice.org
jim.craig@macarthurjustice.org

*/s/ Alec Karakatsanis*
Alec Karakatsanis, D.C. Bar No. 999294
(admitted *pro hac vice*)
Civil Rights Corps
1601 Connecticut Avenue, Suite 800
Washington, DC 20009
(202) 681-2409
alec@civilrightscorps.org

*Counsel for Plaintiffs*